IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) A-04-CR-181-SS |
| | ) |
| FRANKLIN S. BUCKRIDGE, JR. | ) |

## PLEA AGREEMENT

1. Defendant, FRANKLIN S. BUCKRIDGE, JR.:

   a. agrees to plead guilty to Count Two of the pending Indictment;

   b. admits guilt of the offense charged in Count One, and as set forth in the attached Factual Basis;

   c. waives his right to a jury trial;

   d. is aware that the punishment range for Count Two of the Indictment is imprisonment for a term of not less than five (5) years and not more than thirty (30) years, a term of supervised release of any term of years, up to life, a fine not exceeding $250,000, and a mandatory special assessment of $100.00;

   e. agrees to comply with the terms of the sentence imposed.

2. Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the Government and Defendant agree that a specific sentence of 60 months is the appropriate disposition of the case and that the Court will sentence within that range if the court accepts this plea

agreement. Further, The Government and Defendant agree that the cross references set out in U.S. Sentencing Guidelines §2G1.1(c) do not apply.

3. This agreement prevents Defendant, at the time of sentencing, from filing motions and presenting evidence seeking a downward departure from the guideline range determined to be applicable in the case.

4. After sentencing, the government will move to dismiss the remaining counts of the Indictment pending against Defendant.  However, should the Defendant violate this agreement the government shall re-instate all charges contained in the original indictment.

5. The Defendant is aware that the sentence will be determined in conformity with the Federal Sentencing Guidelines and Policy Statements and that parole of sentence is not available. The Defendant is aware that a sentence of not less than five (5) years, a term of supervised release of any term of years, up to life, a fine not exceeding $250,000, and a mandatory special assessment of $100.00; is the minimum sentence allowable pursuant to Title 18, United States Code, §2422(b).

6. The Defendant waives the right to appeal all aspects of the conviction including sentencing, and waives the right to seek collateral relief in post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. This waiver does not apply to ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension of which the Defendant did not have knowledge at the time of sentencing.

7. The Defendant hereby stipulates and agrees that he is not, under any legal theory, a "prevailing party" for the purpose of seeking attorneys' fees under the "Hyde Amendment," Pub.L.No. 105-119, Section 617 (Nov. 26, 1997). The Defendant further agrees that as a term of this plea agreement, the Defendant hereby waives any and all claims against the United States for attorneys' fees under said law.

8. The United States agrees that it will not further criminally prosecute defendant in the Western District of Texas for offenses arising from this investigation and from conduct charged in the Indictment. This plea binds only the United States Attorney's Office for the Western District of Texas and the defendant; it does not bind any other United States Attorney's Office.

9. There are no other terms or conditions of this agreement.

JOHNNY K. SUTTON
UNITED STATES ATTORNEY

By: _____
GRANT SPARKS
Special Assistant United States Attorney
State Bar No. 00792849
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX  78711-2548
512.463-0828
512.370-9746 [FAX]

I have read this plea agreement and discussed it with my attorney. I understand the agreement and will comply with its terms.

Date: 5 Nov 04

_____
FRANKLIN S. BUCKRIDGE, JR.
Defendant

_____
LOUIS CORREA
Attorney for Defendant

5